(No. 83-CC-164█

CORABELL DeWITT, Executor of the Estate of Vladimir G. Urse, Deceased, JEAN URSE POPOFF, and LINDA URSE ANTON, Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 29, 1984.*

SPRINGER, CASEY, HAAS, DIENSTAG & SILVERMAN, for Claimants.

NEIL F. HARTIGAN, Attorney General (JAMES A. KOCH, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This matter comes before the Court upon the joint stipulation of the parties, which states as follows:

1. That instant claim was brought as a tort under section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.8(d)). The complaint makes allegations of negligent hiring practices.

2. The instant claim arose from the theft of

securities from the safety deposit box of Vladimir G. Urse by an employee of the State Treasurer's office while the employee was inventorying the safety deposit box pursuant to the Illinois Inheritance Tax Act (Ill. Rev. Stat. 1981, ch. 120, par. 383).

3. The Claimants sought the statutory limit for tort claims of $100,000.00.

4. The Respondent admits that the theft of the securities was done by an employee of the State Treasurer's office (said employee has been convicted for the crime) while performing the safety deposit box inventory pursuant to the Illinois Inheritance Tax Act.

5. That after careful consideration of the issues and facts pertaining to the instant claim, as well as the potential time, preparation and expense of litigation and its possible outcome, the parties have agreed to settle the claim for the sum of $85,000.00.

6. That this amount is offered by Respondent and accepted by Claimants as full, complete and final satisfaction of the instant claim or any other claim arising out of the incident in question.

7. That there are no disputes of fact or law between the parties.

8. That both parties waive hearing, the submission of evidence and the filing of briefs.

9. That both parties have entered into this stipulation will full knowledge of all facts and law relating to the claim, and feel that an award in the amount agreed upon is a fair and reasonable sum, and that the granting of such an award would be in the best interest of all concerned.

Although the Court is not bound by a stipulation

such as this, it is also not desirous of interposing a controversy where none appears to exist. As long as the stipulation appears reasonable and fair, and this one does, we see no reason to question its validity or to force the parties to take the time and expense of proving facts which are not in dispute.

Claimants are hereby awarded the amount of $85,000.00 (eighty-five thousand dollars and no cents).